UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:_____

DAVID MIDDLETON,

    Plaintiff,

vs.

LASCO FOODS, INC., a Missouri corporation,

    Defendant.
_____/

### DEFENDANT'S NOTICE OF REMOVAL

    Defendant LASCO FOODS, INC. ("Lasco"), pursuant to 28 U.S.C. §§ 1441(a) and 1446, hereby removes this action from the Circuit Court for Palm Beach County, Florida. The removal is based on diversity of citizenship, and this Court therefore has original jurisdiction over the case pursuant to 28 U.S.C. §§ 1332(a).

    The specific grounds for removal are the following:

    1.    Plaintiff commenced this action on or about July 21, 2011, by filing a Complaint in the Circuit Court for Palm Beach County Florida. The Complaint is captioned David Middleton v. Lasco Foods, Inc., Case No. 50 2011 CA 010774 XXXX MB (the "state court action"), and asserts claims for past and future damages for breach of contract, declaratory relief, and for an accounting.

    2.    The Complaint was served on Lasco on or about July 27, 2011.

    3.    The case is one that is removable on the basis of original federal jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of

citizenship between the parties, and the amount in controversy exceeds $75,000 exclusive of interest and costs.

4. There is complete diversity of citizenship because, as discussed in more detail below, plaintiff is alleged to be a citizen of Florida and Lasco is alleged to be a citizen of Missouri.

5. The amount in controversy is satisfied because, as discussed more fully below, the amount in controversy exceeds $75,000 exclusive of interest and costs when one aggregates Plaintiff's alleged damages to date, future and continuing damages, and likely attorneys' fees.

6. Because there is diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs, the District Court has original jurisdiction of this action pursuant to 28 U.S.C. § 1332(a). As such, it is removable pursuant to 28 U.S.C. § 1441(a).

7. Removal is timely under 28 U.S.C. § 1446(b) because Lasco is removing the case within 30 days "after the receipt by the defendant . . . of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based[.]"

8. Venue is proper in the Southern District of Florida because the case is being removed from the Circuit Court in Palm Beach County, Florida. See 28 U.S.C. § 1446(a).

9. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant in the state court action is annexed hereto as Exhibit A.

10. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the state Circuit Court for Palm Beach County.

### There Is Complete Diversity

11. In his Complaint, Plaintiff Middleton alleges that he is a resident of Jupiter, Palm Beach County, Florida (Complaint ¶ 1, Exhibit A). For purposes of 28 U.S.C. § 1332, Plaintiff is therefore considered to be a citizen of Florida.

12. Plaintiff's Complaint also alleges that Lasco is a Missouri corporation with its principal place of business located in St. Louis, Missouri (Complaint ¶ 2, Exhibit A). Accordingly, for purposes of 28 U.S.C. § 1332(a), Lasco is considered to be a citizen of Missouri. See 28 U.S.C. § 1332(c)(1) (a corporation shall be deemed to be a citizen of any State in which it is incorporated and of the State where it has its principal place of business).

13. Based on the above, it is clear that this controversy is between citizens of different states. As such, complete diversity exists.

### The Amount In Controversy Exceeds $75,000

14. In his Complaint, Plaintiff makes an unspecified demand for damages (Complaint, ¶ 3 and Wherefore clause following ¶ 20, Exhibit A). As set forth below, however, the Plaintiff's claim in reality exceeds the jurisdictional minimum of $75,000.

15. "[W]here a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by [only] a preponderance of the evidence that the amount in controversy more likely than not exceeds the [$75,000] jurisdictional requirement." Tapscott v. MS Dealer Serv. Corp., 77 F.3d 1353, 1356-57 (11th Cir. 1996), overruled on other grounds, Cohen v. Office Depot, 204 F.3d 1069 (11th Cir. 2000). This "lower burden of proof is warranted because there is simply no estimate of damages to which a court may defer." Tapscott, 77 F.3d at 1356-57. Here, the evidence shows the amount in controversy more likely than not exceeds $75,000.

16. The gist of Plaintiff's breach-of-contract claim is that Lasco has failed to pay Plaintiff monthly commissions owed on foodservice sales Plaintiff brokered for Lasco with a particular customer, known as Producers Rice Mill ("Producers"), since October 2010. According to the Complaint, the Plaintiff was owed, on a monthly basis, one-percent of the sales for all Lasco products manufactured by Lasco and sold to Producers (Complaint ¶¶ 6-15, Exhibit A). Lasco's sales to Producers since October 2010 average approximately $55,000 per month (Wegner Declaration, Exhibit B) or about $660,000 per year.

17. In addition, Plaintiff is seeking future unpaid commissions under his alleged contractual arrangement with Lasco. Specifically, Plaintiff is alleging that he is entitled to such commissions *in perpetuity* because his entitlement to such commissions can end only if (a) Plaintiff dies, (b) Plaintiff cancels the contract with Lasco, or (c) orders from Producers to Lasco cease for a period of 12 or more months (Complaint ¶ 12, Exhibit A). And since Lasco's sales to Producers are likely to continue at the same level or increase over time (Wegner Declaration, Exhibit B), the perpetual nature of Plaintiff's entitlement to these commissions makes it more likely than not that his alleged damages for past, current, and future commissions will exceed $75,000 exclusive of interest and costs. See Williams v. Best Buy Co., 269 F.3d 1316, 1319-20 (11th Cir. 2001) (if the jurisdiction amount is not facially apparent from the complaint, court may look to notice of removal and external evidence in determining amount in controversy).

18. But the amount-in-controversy calculation does not end there. In addition to the foregoing, the law of this Circuit, and others, states that the amount in controversy must also include a plaintiff's attorneys' fees when a cause of action entitles a party to

4

receive attorneys' fees. See Field v. National Life Ins. Co., 2001 WL 77101, *4 (M.D. Fla. Jan. 22, 2001); Howard v. Globe Life Ins. Co., 973 F. Supp. 1412, 1419 (N.D. Fla. 1996); see also, Missouri State Life Ins. Co. v. Jones, 290 U.S. 199, 202 (1933); Foret v. Southern Farm Bureau Life Ins. Co., 918 F.2d 534, 537 (5th Cir.1991); Linkemar v. Health Care & Ret. Corp. of Am., 1999 WL 984428, *2 (S.D. Fla. Aug. 10, 1999); Denbo Iron & Metal Co. v. Transportation Ins. Co., 792 F. Supp. 1234, 1235 (N.D. Ala.1992); Hall v. Travelers Ins. Co., 691 F. Supp. 1406, 1409 (N.D.Ga.1988).

19. In this case, the Plaintiff alleges that the contract under which he is suing Lasco provides that he is entitled to recover his reasonable attorneys' fees in the event he proves that Lasco breached the contract (Complaint ¶ 17, Exhibit A). Accordingly, Plaintiff's potential attorneys' fees through trial must be included in estimating the amount in controversy.

20. It is almost axiomatic that in modern litigation, with average hourly attorney-fee rates far exceeding $300 per hour, almost any case taken to trial will generate reasonable attorney's fees exceeding $75,000.

21. When one considers Plaintiff's asserted economic damages (both unpaid commissions to date and future commissions in perpetuity), and adds to that his claim for attorney's fees through trial, it clearly is more likely than not that Plaintiff seeks in excess of $75,000. Accordingly, the amount in controversy is satisfied for removal purposes.

Respectfully submitted,

OGLETREE, DEAKINS, NASH, SMOAK
& STEWART, P.C.
Counsel for Lasco
701 Brickell Avenue
Suite 1600
Miami, Florida 33131
(305) 374-0506
(305) 374-0456 (fax)
david.demaio@ogletreedeakins.com

By: s/ David M. DeMaio
DAVID M. DeMAIO
Florida Bar No. 886513

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 26, 2011, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

s/ David M. DeMaio
David M. DeMaio

## SERVICE LIST
*DAVID MIDDLETON v. LASCO FOODS, INC.,*
*United States District Court, Southern District of Florida*
CASE NO. _____

Scott E. Tuckman, Esq.,
NAVON & LAVIN, P.A.
2699 Stirling Road, Suite B-100
Fort Lauderdale, Florida 33312
Telephone: 954.967.2788
Facsimile: 954.983.7021

*Counsel for Plaintiff*

Method of Service: *U.S. Mail*

David M. DeMaio
david.demaio@ogletreedeakins.com
OGLETREE, DEAKINS, NASH,
 SMOAK & STEWART, P.C.
701 Brickell Avenue, Suite 1600
Miami, Florida 33131-2813
Telephone: 305.374.0506
Facsimile: 305.374.0456

*Counsel for Defendant*

Method of Service: *Notice of Electronic Filing*

10779892.1 (OGLETREE)